UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSEMARY HIBBLER, et al.<br><br>Plaintiffs,<br><br>v.<br><br>VINCENT SEWELL, et al.<br><br>Defendants. | CASE NO. C14-1969 MJP<br><br>ORDER DENYING PLAINTIFFS' SECOND MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

THIS MATTER comes before the Court on Plaintiffs' Second Motion for Temporary Restraining Order and Preliminary Injunction ("Motion"). (Dkt. No. 13.) The Motion is unopposed. Having reviewed Plaintiffs' Motion and the related record, the Court DENIES the Motion.

The Court considers four factors in examining Plaintiffs' request for temporary restraining order ("TRO"): (1) likelihood of success on the merits, (2) likelihood of irreparable harm, (3) the balance of equities, and (4) the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The standard "is substantially identical for the injunction and the TRO," Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839

1  n.7 (9th Cir. 2001), except for the additional requirement that the applicant show immediate
2  relief is necessary to obtain a TRO. See Hunt v. Nat'l Broad. Co., Inc., 872 F.2d 289, 292 (9th
3  Cir. 1989); Fed. R. Civ. P. 65(b)(1)(A).

4  By their amended complaint, Plaintiffs allege Defendants: (1) violated state and federal
5  trademark law; (2) committed common law trademark infringement; (3) violated the Washington
6  unfair competition laws; (4) committed slander in violation of Washington law; and (5) engaged
7  in blacklisting in violation of Washington law. (Dkt. No. 5 at 3.) While some facts alleged by
8  Plaintiffs in their Motion may relate to their trademark infringement or unfair competition
9  claims, Plaintiffs seek a TRO/preliminary injunction based on their defamation claim.[1] (Dkt. No.
10 13 at 3-4.) Therefore, the Court limits its analysis to that claim.

11 Plaintiffs fail to allege facts sufficient to show that the Court should enter a
12 TRO/preliminary injunction in this case. In their Motion, Plaintiffs do no more than allege, in a
13 cursory fashion, that the factors the Court should consider when deciding whether to enter a
14 TRO/preliminary injunction are met in this case. (Id. at 4) ("Plaintiff(s) are likely to prevail on
15 the merits, and certain to suffer irreparable injury if this motion is not granted.") Further, a
16 review of the factual allegations in Plaintiffs' Motion shows that a TRO/preliminary injunction is
17 not warranted in this case.

18 Plaintiffs fail to show a likelihood of irreparable harm. The factual allegations
19 underlying Plaintiffs' defamation claim relate primarily to discrete actions allegedly taken by
20 Defendants in the past, e.g. filing a police report accusing Plaintiff Rosemary Hibbler of theft

---

[1] By their amended complaint, Plaintiffs allege a claim of "slander" under RCW 9.58. (Dkt. No. 5 at 3.) This provision has been repealed. In their Motion, Plaintiffs contend they have shown a likelihood of success on the merits with respect to their defamation claim. (Dkt. No. 13 at 3-4.) Because Plaintiffs are proceeding pro se, the Court interprets Plaintiffs' "slander" claim as a defamation claim for purposes of this Motion.

1  and filing a complaint with the Internal Revenue Service accusing Ms. Hibbler of failing to
2  report taxes. (Dkt. No. 13 at 2.) Plaintiffs do no allege the kind of ongoing injury necessary to
3  show a likelihood of irreparable harm. See e.g. Se. Alaska Conservation Council v. U.S. Army
4  Corps of Engineers, 472 F.3d 1097, 1100 (9th Cir. 2006) ("Ongoing harm to the environment
5  constitutes irreparable harm warranting an injunction.") The only ongoing conduct Plaintiffs
6  allege in their Motion is Defendants' purportedly unlawful use of the "Sober Solutions" mark.
7  (Dkt. No. 13 at 3.) However, even these allegations are insufficient to show irreparable harm.
8  Plaintiffs allege—without further explanation—that Defendants' use of the "Sober Solutions"
9  mark misleads consumers and other agencies into believing "Rosemary Hibbler poses a threat to
10 the brand Sober Solutions as well as the transitional and permanent housing industry." (Dkt. No.
11 13 at 4.) It is unclear to the Court on this record how Defendants' alleged unlawful use of the
12 "Sober Solutions" mark would cause harm to Ms. Hibbler's reputation. Further, Plaintiffs have
13 provided the Court with no evidence of the type of confusion and/or harm they are alleging.

14     In light of the foregoing, the Court DENIES Plaintiffs' Motion. This is the second time
15 Plaintiffs have moved for a TRO/preliminary injunction. The Court advises Plaintiffs that a
16 TRO/preliminary injunction is an "extraordinary and drastic remedy." Munaf v. Geren, 553 U.S.
17 674, 676 (2008). This Court will only grant such a remedy "upon a clear showing that the
18 plaintiff is entitled to such relief." Winter, 555 U.S. at 22.

19     The clerk is ordered to provide copies of this order to all counsel.

20     Dated this 23rd day of February, 2015.

    Marsha J. Pechman
    United States District Judge

ORDER DENYING PLAINTIFFS' SECOND
MOTION FOR TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION- 3