Case 2:14-cv-01969-MJP   Document 19   Filed 04/09/15   Page 1 of 6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| ROSEMARY HIBBLER, | CASE NO. C14-1969 MJP |
|---|---|
| Plaintiff, | ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS AND DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE |
| v. | |
| VINCENT SEWELL, et al. | |
| Defendants. | |

THIS MATTER comes before the Court on Defendants Vincent Sewell, Patricia Sewell, and Amelia Williams' Motion to Dismiss Plaintiff Rosemary Hibbler's claims against them with prejudice. (Dkt. No. 11.) Having reviewed the motion, and noted the absence of any opposition, the Court GRANTS Defendants' Motion to Dismiss as to Ms. Hibbler's federal trademark infringement claim. The Court declines to exercise jurisdiction over Ms. Hibbler's remaining state law claims against the moving Defendants and DISMISSES these claims without prejudice. The Court ORDERS Ms. Hibbler to show cause in writing within ten (10) days of the date of entry of this Order why the Court should not also dismiss her claims against Defendant Kenneth Moultry.

ORDER GRANTING IN PART DEFENDANTS'
MOTION TO DISMISS AND DISMISSING STATE
LAW CLAIMS WITHOUT PREJUDICE- 1

**Background**

Plaintiff Rosemary Hibbler filed this lawsuit against Defendants Vincent Sewell, Patricia Sewell, Amelia Williams, and Kenneth Moultry on December 29, 2014. (Dkt. No. 1.) Ms. Hibbler asserts the following claims against all of the Defendants: (1) federal trademark infringement; (2) state law trademark infringement; (3) state law trademark dilution; (4) violations of the Washington Consumer Protection Act (RCW 19.86.020); (5) slander and libel (RCW 9.58); and (6) blacklisting (RCW 49.44.010).[1] (Dkt. No. 5 at 3.)

Defendants Vincent Sewell, Patricia Sewell, and Amelia Williams move to dismiss Ms. Hibbler's amended complaint on the grounds that Ms. Hibbler fails to state a claim upon which relief can be granted. (Dkt. No. 11.) Defendant Kenneth Moultry has not joined in the motion. Ms. Hibbler has not filed an opposition to the motion. Under Local Rule CR 7(b)(2), ". . . if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." The Court construes Ms. Hibbler's failure to respond as an admission that Defendants' motion has merit.

//

//

//

---

[1] Ms. Hibbler alleges "[t]his is a civil action for trademark infringement, dilution, unfair competition, dilution by tarnishment under 15 U.S.C §1114 and 1125 (a), (c) and (d), state trademark dilution under Washington State Chapter 19.77 RCW, common law trademark infringement . . ." (Dkt. No. 5 at 3.) This language appears to be boilerplate. Because Ms. Hibbler alleges no facts that would support either a trademark dilution or unfair competition claim under the Lanham Act, the Court construes Ms. Hibbler's federal trademark claim as a claim for trademark infringement under the Lanham Act. The Court construes Ms. Hibbler's "common law trademark infringement" claim as a state law trademark infringement claim. See Toho Co. v. Sears, Roebuck & Co., 645 F.2d 788, 791 (9th Cir. 1981) (noting that "there is no federal common law of trademark infringement.")

ORDER GRANTING IN PART DEFENDANTS'
MOTION TO DISMISS AND DISMISSING STATE
LAW CLAIMS WITHOUT PREJUDICE- 2

**Discussion**

**A. Legal Standard**

The Federal Rules require a plaintiff to plead "a short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 545) (further noting that plausibility lies somewhere between allegations that are "merely consistent" with liability and a "probability requirement"). In determining plausibility, the Court accepts all facts in the complaint as true. Barker v. Riverside County Office of Educ., 584 F.3d 821, 824 (9th Cir. 2009). The Court need not accept as true any legal conclusions put forth by the plaintiff. Iqbal, 556 U.S. at 678.

**B. Federal Trademark Infringement Claim**

Defendants contend Ms. Hibbler fails to state a federal trademark infringement claim because she does not own the mark "Sober Solutions" and because she fails to allege facts that show Defendants' use of the "Sober Solutions" mark is likely to lead to consumer confusion. (Dkt. No. 11 at 13-14.)

To prevail on a trademark infringement claim under the Lanham Act, a plaintiff must show: (1) that she has a protected ownership interest in the mark; and (2) that an alleged infringer's use of a competing mark is likely to cause consumer confusion. See Pom Wonderful LLC v. Hubbard, 775 F.3d 1118, 1124 (9th Cir. 2014).

1    Ms. Hibbler fails to allege facts that show Defendants' use of the "Sober Solutions" mark
2 is likely to cause consumer confusion.  Indeed, Ms. Hibbler does no more than allege, in a
3 cursory fashion, that "Defendants' infringing use of Sober Solutions name and marks in
4 connection with the Blacklisting and slander scheme is likely to cause, and has caused, confusion
5 mistake or deception as to the affiliation, connection or association of the schemes with Sober
6 Solutions . . ." (Dkt. No. 5 at 6.)  These allegations are insufficient.  Iqbal, 556 U.S. at 678
7 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory
8 statements, do not suffice.")  Likewise, even Ms. Hibbler's allegations that Defendants are
9 making use of a mark that is identical to a mark she rightfully owns are insufficient to show a
10 likelihood of consumer confusion. Trademark infringement occurs when an infringer uses a
11 substantially identical mark for similar goods.  Academy of Motion Picture Arts and Sciences v.
12 Creative House Promotions, Inc., 944 F.2d 1446, 1454 (9th Cir.1991).  Ms. Hibbler has alleged
13 no facts from which the Court can infer it is plausible that the goods and/or services offered by
14 Defendants are similar to the goods and/or services that Ms. Hibbler promotes or offers under the
15 "Sober Solutions" mark.  Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to
16 Ms. Hibbler's federal trademark infringement claim.  Because Ms. Hibbler has already amended
17 her complaint once and because the Court finds further amendment would be futile, the dismissal
18 is with prejudice.

19    **C.  State Law Claims**

20    Ms. Hibbler alleges the following state law claims against the moving Defendants: (1)
21 state law trademark infringement; (2) state law trademark dilution; (3) violations of the
22 Washington Consumer Protection Act (RCW 19.86.020); (4) slander and libel (RCW 9.58); and
23 (5) blacklisting (RCW 49.44.010).  (Dkt. No. 5 at 3.)
24

ORDER GRANTING IN PART DEFENDANTS'
MOTION TO DISMISS AND DISMISSING STATE
LAW CLAIMS WITHOUT PREJUDICE- 4

1   A federal court may assume supplemental jurisdiction over all other claims that are so
2 related to claims in the action within the original jurisdiction so that they form part of the same
3 case or controversy.  28 U.S.C. § 1367.  A federal court may decline to exercise this
4 supplemental jurisdiction if: (1) the claim raises a novel or complex issue of state law; (2) the
5 claim substantially predominates over the claim or claims over which the district court has
6 original jurisdiction; (3) the district court has dismissed all claims over which it has original
7 jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining
8 jurisdiction.  Id.

9   The Court has dismissed Ms. Hibbler's federal claim against the moving Defendants.
10 The Court declines to exercise jurisdiction over Ms. Hibbler's state law claims against the
11 moving Defendants and DISMISSES these claims without prejudice.  The Court advises Ms.
12 Hibbler that a dismissal "without prejudice" means that Ms. Hibbler may refile her state law
13 claims against the moving Defendants in state court as long as the statute of limitations has not
14 expired.

15   **D.  Defendant Kenneth Moultry**

16   Defendant Kenneth Moultry has not joined in Defendants' Motion to Dismiss.  A court
17 may on its own motion dismiss an action as to a non-moving defendant where such defendant is
18 in a position similar to that of the moving defendant, or where claims against the moving and
19 non-moving defendants are integrally related.  See Silverton v. Dep't of Treasury, 664 F.2d
20 1341, 1345 (9th Cir. 1981).  The Court may not do so, however, without providing the plaintiff
21 with notice and an opportunity to respond.  See Lee v. City of L.A., 250 F.3d 668, 683 n. 7 (9th
22 Cir. 2001).  In keeping with this principle, the Court hereby notifies Ms. Hibbler that it intends to
23 dismiss her federal trademark claim against Defendant Kenneth Moultry with prejudice and her
24

state law claims against Defendant Kenneth Moultry without prejudice, because it appears to the Court that Defendant Kenneth Moultry occupies a position similar to the other Defendants and that the claims against all Defendants are related. The Court ORDERS Ms. Hibbler to show cause in writing within ten (10) days of the date of entry of this Order why the Court should not also dismiss her claims against Defendant Kenneth Moultry.

## Conclusion

The Court GRANTS Defendants' Motion to Dismiss as to Ms. Hibbler's federal trademark infringement claim. The Court declines to exercise jurisdiction over Ms. Hibbler's remaining state law claims against the moving Defendants and DISMISSES these claims without prejudice. The Court ORDERS Ms. Hibbler to show cause in writing within ten (10) days of the date of entry of this Order why the Court should not also dismiss her claims against Defendant Kenneth Moultry.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 8th day of April, 2015.

*[signature]*

Marsha J. Pechman
United States District Judge